**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Burns, | No. CV-20-00139-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Stonebrooke Management LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff Donald Burns's ("Plaintiff") Motion for Default Judgment. (Doc. 18). The Court now rules on the motion.[1]

**I.    BACKGROUND**

Plaintiff is a professional photographer based in Phoenix, Arizona. (Doc. 1 at 2). He holds a copyright for a photograph of the Phoenix skyline at sunset (the "Photo"). (*Id.*). Plaintiff alleges that Stonebrooke Management LLC ("Defendant") used the Photo on its website. (Docs. 1 at 3; 1-3 at 2). He accordingly filed a complaint in this Court that sought, in pertinent part, statutory damages of up to $150,000. (Doc. 1 at 4). Service was completed on February 7, 2020, (Doc. 13), but Defendant never answered. The Clerk of the Court entered default on April 14, 2020. (Doc. 16). Plaintiff now moves under Federal Rule of Civil Procedure ("Rule") 55 for entry of default judgment.

///

---

[1] Plaintiff's counsel has also filed a copy of a 60-page court order from Judge Jesse M. Furman of the Southern District of New York chronicling his history of misconduct. (Doc. 20). While the findings in this order are certainly troubling, the Court finds that they have required no action here.

## II. DEFAULT JUDGMENT

Once the clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b) on amounts that are not for a sum certain. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering these factors, Defendant is deemed to have admitted all well-pleaded allegations in the complaint but does not admit allegations related to damages or those that do no more than "parrot" the elements of a claim. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

### A. Possibility of Prejudice

A possibility of prejudice exists when failure to enter default judgment denies a plaintiff judicial resolution of the claims presented or leaves him without other recourse for recovery. *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Because Defendant has not answered, Plaintiff will likely be left without recourse if default judgment is not granted. Therefore, this factor weighs in favor of granting the motion.

### B. The Sufficiency of the Complaint and The Merits of Plaintiff's Substantive Claim

"The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. 18-cv-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). These two factors favor entering default judgment when, considering the complaint and relevant documentary evidence, a plaintiff "state[s] a claim on which [he] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also J & J*

*Sports Prods., Inc. v. Molina*, No. CV15-0380 PHX DGC, 2015 WL 4396476, at *1 (D. Ariz. July 17, 2015) (considering affidavits attached to the motion for default judgment).

Plaintiff's copyright infringement claim requires that he show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1110 (9th Cir. 2019) (*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights, described at 17 U.S.C. § 106." *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir. 1989). As relevant here, one such exclusive right is the ability to "reproduce the copyrighted work." 17 U.S.C. § 106(1).

These two factors favor entry of default judgment here. Plaintiff has alleged that he holds a copyright registration for the Photo. (Doc. 1 at 2). While Plaintiff did not submit evidence of the registration, the Court can take judicial notice of copyright registrations. *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001). The Court has therefore looked up Copyright Registration Number VA 1-721-024 on the United States Copyright Office's database and confirmed Plaintiff is the owner. *Phoenix Skyline at Sunset*, U.S. Copyright Office (May 13, 2010), https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First (search for "Burns Donald M"). This is prima facie evidence that Plaintiff owns a valid copyright for the Photo. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1066 (9th Cir. 2020) (en banc).

So too has Plaintiff plausibly shown that Defendant reproduced the Photo on its website. Plaintiff has provided both a copy of the Photo and a screenshot of Defendant's website featuring an identical photograph. This is direct evidence of copying, *cf. Range Road Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012), and courts ruling on motions for default judgement—or that have considered the question in other procedural postures—have held such evidence shows a plausible claim for recovery, *Prokos v. Covered Wagon Invs. Inc.*, No. 2:19-cv-08493-ODW (GJSx), 2020 WL 1433132,

at *3 (C.D. Cal. Mar. 23, 2020); *Minden Pictures, Inc. v. GOPACKUP, Inc.*, No. 2:17-cv-09200-CAS-SSx, 2018 WL 6003842, at *3 (C.D. Cal. Nov. 14, 2018); *cf. Delano v. Rowland Network Commc'ns LLC*, No. CV-19-02811-PHX-MTL, 2020 WL 2308476, at *3 (D. Ariz. May 8, 2020); *FameFlynet, Inc. v. Breitbart News Network, L.L.C.*, CV 17-05416 TJH (ASx), 2018 WL 6321648, at *4 (C.D. Cal. Nov. 28, 2018); *Bell v. Moawad Grp., LLC*, 326 F. Supp. 3d 918, 924–25 (D. Ariz. 2018); *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No.: C-13-03627 JSC, 2014 WL 280391, at *5 (N.D. Cal. Jan. 24, 2014).

Accordingly, because Plaintiff has sufficiently stated a valid claim of copyright infringement, the second and third *Eitel* factors favor entry of default judgment.

### C. Sum at Stake

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of [Defendant's] conduct." *Bankers Ins. Co. v. Old W. Bonding Co., LLC*, No. CV11-1804 PHX DGC, 2012 WL 2912912, at *2 (D. Ariz. July 16, 2012). In the copyright context, "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is [typically] within the infringer['s] control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) (quoting *Microsoft Corp. v. McGee*, 409 F. Supp. 2d 874, 882 (S.D. Ohio 2007)). Because Plaintiff seeks statutory damages within the permitted range, analyzed separately below, this factor also weighs in favor of entering default judgment. *Prokos*, 2020 WL 1433132, at *3.

### D. Possibility of Disputed Material Facts

Considering the allegations that are now deemed admitted and the documentary evidence that Plaintiff submitted, "no genuine dispute of material facts would preclude granting Plaintiff's motion." *See PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor thus weighs in favor of granting the motion.

### E. Excusable Neglect

On this record, little possibility exists that Defendant's default resulted from excusable neglect because Defendant was duly served and no other facts before the Court

indicate that default is attributable to excusable neglect. (Docs. 12 & 13). Consequently, this is a further factor weighing in favor of granting the motion.

### F. Policy Favoring Merits Decisions

Although it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, that is made "impractical, if not impossible," when a defendant fails to answer, *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. Thus, this factor does not preclude entering default judgment against Defendant.

### G. Conclusion

On balance, the *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment. Having concluded that entry of default judgment is appropriate under the circumstances, the Court will now turn to evaluate Plaintiff's request for statutory damages in the amount of $30,0000.

## III. DAMAGES

An aggrieved copyright holder can elect to recover statutory damages in lieu of actual damages any time before entry of a final judgment. 17 U.S.C. § 504(c)(1). By statute, and absent a finding that infringement was committed willfully, a statutory damages award can be no less than $750 nor more than $30,000 with respect to any one work. 17 U.S.C. § 504(c)(1). For willful violations, the Court is authorized to increase the award up to $150,000. 17 U.S.C. § 504(c)(2). "The [C]ourt has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (citing *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100 (1919)).

Courts have relied on several factors to guide the exercise of their discretion within the statutory limits. They have often resorted to "estimates of actual damages or licensing fees," *Prokos*, 2020 WL 1433132, at *4 (collecting cases), and examined "expenses saved and profits reaped by the defendant[] in connection with the infringement, the revenues lost by the plaintiff as a result of the defendant's conduct, and the infringer's state of mind—whether willful, knowing, or merely innocent." *DFSB Kollective Co., Ltd. v. Bing*

*Yang*, No. C 11-1051 CW, 2013 WL 1294641, at *15 (N.D. Cal. Mar. 28, 2013) (quotation and citation omitted); *see also Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019) (explaining that willfulness occurs when the defendant (1) was actually aware of his infringing activity, or (2) showed reckless disregard for, or willful blindness to, the copyright holder's rights). The ultimate goal is to achieve a result that is both "just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like," and vindicates the statutory policy of discouraging infringement. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336–7 (9th Cir. 1990) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)).

Here, Plaintiff requests statutory damages amounting to $30,000 for Defendant's allegedly willful act of copyright infringement. (Doc. 19 at 3). Plaintiff has nonetheless "respectfully decline[d] to submit evidence of his actual losses" in order to justify that award. (*Id.* at 4). Rather, Plaintiff cites exclusively caselaw from New York's federal courts for the proposition that courts have issued $30,000 awards to deter would-be infringers regardless of a plaintiff's lack of evidence. (*Id.*).

When faced with similar allegations as those presented here, however, other courts in this circuit have not automatically awarded the full $30,000 in the absence of any evidence bearing on the circumstances of the infringement. *See, e.g.*, *Prokos*, 2020 WL 1433132, at *4–5 (awarding statutory minimum of $750 for a single photograph posted on the defendant's website); *Durant v. REP Publ'g, Inc.*, No. CV 17-08077-AB (SSx), 2018 WL 6137156, at *5–6 (C.D. Cal. Aug. 13, 2018) (awarding statutory minimum for each photograph of a public building posted on defendant's website and, when the plaintiff failed to inform the court of his licensing fee, finding such pictures would not fetch a significant fee); *Barcroft Media, Ltd. v. Soc. Trends Media, Inc.*, No. CV 17-5277-R, 2018 WL 4745305, at *3 (C.D. Cal. May 1, 2018) (finding that the defendants engaged in willful infringement and awarding an average of $5,330 per photograph posted on their websites); *DFSB Kollective Co.*, 2013 WL 1294641, at *15 (finding that the defendants engaged in willful violations and awarding $5,000 for each song posted on their websites).

After reviewing these cases and applying their reasoning to what scant facts that Plaintiff has provided here, the Court finds an award slightly above the statutory minimum is appropriate. To begin with, it is not clear that Defendant used the Photo to reap any profit. *Prokos*, 2020 WL 1433132, at *5 (finding that the facts "simply d[id] not warrant an award of $30,000" where the plaintiff presented no evidence of infringer's commercial purpose). In fact, the screenshot attached to the complaint shows the Photo adorning the "Contact Us" page of Defendant's website. (Doc. 1-3 at 2). There is also absolutely no evidence that Defendant acted willfully either. Indeed, Defendant's website no longer appears functional. *See Durant*, 2018 WL 6137156, at *5 (finding willfulness lacking where the photograph in question was no longer accessible on the defendant's website). And because Plaintiff expressly declined to submit evidence of his licensing fee, the Court cannot award damages based on a multiplier of that fee—a method that is often used to determine statutory damages. *Barcroft*, 2018 WL 4745305, at *3 (collecting cases). Therefore, based on the foregoing, the Court finds that a $2,000 award is just in this particular case. The Court concludes that this amount will sufficiently compensate Plaintiff while deterring future infringement.

### III.  ATTORNEYS' FEES

Lastly, the Court considers Plaintiff's request for attorneys' fees made as part of his counsel's declaration in support of entry of default judgment. (Doc. 19 at 5–6). Plaintiff's request is not compliant with LRCiv 54.2, which governs requests for attorneys' fees in this district. Thus, Plaintiff's request will be denied without prejudice to a timely request for attorneys' fees that complies with LRCiv 54.2.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### IV. CONCLUSION

Based on the foregoing,

IT IS ORDERED that Plaintiff's motion for default judgment (Doc. 18) is GRANTED. The Clerk of the Court shall enter Judgment for Plaintiff Donald Burns and against Defendant Stonebrooke Management LLC in the amount of $2,000.

IT IS FURTHER ORDERED that Plaintiff may submit a motion for attorneys' fees as specified above within 14 days of the date of this order; a bill of costs may also be filed at that time in accordance with LRCiv 54.1.

Dated this 6th day of August, 2020.

_James A. Teilborg_
Senior United States District Judge